UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOE H. BANDY, III, | Civil No. 12-2084 (JRT/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| COMMISSIONER OF CORRECTION, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is attempting to challenge the legality of his 1999 Minnesota state court conviction for criminal sexual conduct, and "depriving another of custodial or parental rights." (Petition, [Docket No. 1], p. 1, ¶s 1-5.) Petitioner's conviction was upheld on direct appeal in 2000. State v. Bandy, NO. C9-99-1371 (Minn.App. 2000), 2000 WL 665626 (unpublished opinion), rev. denied, July 25, 2000. Since then, Petitioner has pursued post-

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

conviction relief in several state and federal court proceedings. One of Petitioner's early post-conviction challenges was a habeas corpus petition filed in this Court in December 2000 – <u>Bandy v. Stender</u>, Civil No. 00-2779 (JRT/SRN), [hereafter "<u>Bandy I</u>"]. In that case, Petitioner raised four claims for relief. The Court found that three of those claims were procedurally defaulted, and the fourth claim was without merit. <u>Bandy I</u> was dismissed <u>with prejudice</u> on January 30, 2002. Petitioner attempted to appeal that ruling, but his appeal was summarily dismissed.

In 2005, Petitioner attempted to file another federal habeas corpus petition challenging his 1999 state court conviction and sentence – <u>Bandy v. Carlson</u>, Civil No. 05-1376 (JRT/SRN), [hereafter "<u>Bandy II</u>"]. That case was summarily dismissed, because the petition was found to be a "second or successive" petition for purposes of 28 U.S.C. § 2244(b), and Petitioner had not obtained the Eighth Circuit Court of Appeals' permission to file such a petition. In <u>Bandy II</u>, the Magistrate Judge entered a Report and Recommendation, ("R&R"), which explained that Petitioner is barred from filing any further federal habeas corpus petitions challenging his 1999 state court conviction, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals. (<u>Bandy II</u>, Amended R&R dated January 24, 2006, [Docket No. 11].) That R&R was adopted by the District Court Judge, (over Petitioner's objections), and <u>Bandy II</u> was summarily dismissed for lack of jurisdiction. Petitioner attempted to appeal that ruling, but his appeal was summarily dismissed by the Eighth Circuit.

Petitioner is now attempting to file another successive habeas corpus petition. The current petition again challenges Petitioner's 1999 Minnesota state court conviction and sentence, i.e., the same judgment that was challenged in <u>Bandy I</u> and <u>Bandy II</u>. Petitioner

again claims that his conviction should be vacated based on a host of errors that allegedly occurred during previous state court proceedings. However, the Court finds that Petitioner has filed another "successive petition" that cannot be entertained at this time.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[2] Under that rule, a district court cannot entertain a second or

---

[2] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
   **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
   **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
   **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

**(C)** The court of appeals may authorize the filing of a second or successive

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

The petition now before this Court is Petitioner's third application for federal habeas corpus review of his 1999 state court conviction and sentence. Because Bandy I was dismissed on the merits and with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current

---

  application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

  **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

  **(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. **[Continued....]**

  **(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

The Court recognizes that some of Petitioner's current claims assert that he is "actually innocent" of the crimes for which he was convicted. However, even actual innocence claims cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court. See Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009) ("'before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions'"), cert. denied, 130 S.Ct. 2367 (2010), (quoting Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)) (emphasis added).

In sum, the Court concludes that here, as in Bandy II, the District Court cannot entertain another federal habeas corpus petition challenging Petitioner's 1999 Minnesota state court conviction and sentence, unless Petitioner first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals. Therefore, this case, like Bandy II, must be summarily dismissed for lack of jurisdiction. As Petitioner was advised in Bandy II, the United States District Court for the District of Minnesota cannot entertain any habeas claims challenging the conviction at issue, unless the Eighth Circuit Court of

Appeals first grants Petitioner permission to file a successive habeas petition.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2).  (See n. 2, supra.)  If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[3]  Petitioner is once again advised, however, that this District Court will not entertain any future habeas corpus petition pertaining to his 1999 state court conviction and sentence, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[4]

---

[3] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed.  See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  However, it would not be advisable to follow that approach here.  The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2).  Because Petitioner has not specifically attempted to meet that standard in his present submissions, it makes more sense to dismiss the present action, and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3).  That will allow Petitioner to fully explain to the Court of Appeals why he believes he now meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[4] Because the Court presently lacks jurisdiction in this matter based on the procedural rules governing successive petitions, the timeliness of the present petition will not be addressed here.  It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the

Finally, the Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis). However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed above, and addressing the fee issue would only delay the inevitable dismissal of this action.

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED; and

2.  This action be summarily DISMISSED without prejudice for lack of jurisdiction.

Dated: August 31, 2012

              s/Leo I. Brisbios
              LEO I BRISBOIS
              United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 14, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of

---

one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

Appeals.